### 4854.   BESHERES *v.* THE STATE.

No error of law was committed, and the evidence authorized the verdict.
DECIDED JUNE 10, 1913.

Indictment for felony; from Cobb superior court—Judge Patterson.   March 28, 1913.

*N. A. Morris, George D. Anderson,* for plaintiff in error.

*Herbert Clay, solicitor-general,* contra.

POTTLE, J.   The accused was convicted of the offense of breaking and entering a railroad car and stealing therefrom certain articles of merchandise. He excepts to the overruling of his motion for a new trial. It is contended that the evidence is not sufficient to authorize a conviction, because there is no proof that the car was broken, or, if so, that the accused was the perpetrator of the offense, or that the goods described in the indictment were taken from the car by him. The evidence shows that the freight car alleged to

have been broken and entered was carried from Atlanta to Marietta; that it was sealed before it left Atlanta and was examined at a station between Atlanta and Marietta, when the seal was found to be intact, and that from that point on to Marietta there were no stops. Bills of lading and invoices were introduced, showing that goods corresponding to those alleged to have been stolen were consigned to certain persons in Marietta in the car alleged to have been broken. About 11 o'clock in the night on which the offense is alleged to have been committed, the accused, together with Tom Evans, procured one Warren to obtain a hack and go to a railroad crossing in the city of Marietta for the purpose of carrying away certain goods. The hack was stopped at the railroad crossing and the accused and Evans went in the direction of the freight car and brought back to the hack boxes of merchandise corresponding to those described in the indictment and which were shown by the invoices introduced in evidence to have been consigned to the persons whose names are set forth in the indictment. About this time some persons unknown approached the hack, when the accused and Evans and Warren ran away. Subsequently Warren met the accused and Evans in another part of Marietta. At this time Warren was driving the hack and had in it the goods which had been put there by the accused and Evans. The goods were afterwards found in a vacant lot in Marietta. According to the testimony of Warren, the accused and Evans were seen with the merchandise, coming from between the box car alleged to have been broken and a coal car. The evidence further showed that the car had been broken and entered by somebody, and that, from the merchandise consigned as shown by the invoices, goods corresponding to those which had been seen in the possession of the accused and his accomplice Evans were missing.

We think this evidence was sufficient to authorize a conviction. While the accused is entitled to the benefit of every reasonable doubt, the law does not require mathematical certainty. It is true that there is no direct testimony that the goods seen in the possession of the accused were actually loaded in the car, nor is there any direct and positive evidence by an eye-witness that the car was broken after it reached Marietta. The circumstances proved, however, were sufficient to authorize a finding against the accused on both of these questions. The car was broken and entered by some-

body, and, under the evidence, the only reasonable hypothesis is that this was done after the car had been stopped in Marietta. There is, of course, a bare possibility that somebody else may have broken the car and taken the goods out, and that the accused and Evans were guilty merely of larceny of the goods after they had been taken from the car; but, under all the evidence, this is not a reasonable hypothesis. The accused left the hack, went in the direction of the car and was seen coming from between the car and a coal car with the stolen goods in his possession. There was ample evidence to sustain the conviction.

The motion for a new trial contains several assignments of error upon extracts from the charge of the court. We have carefully read the entire charge, and, taken all together, it is as fair a charge to a defendant on trial for crime as we have ever examined. Nowhere in it is there the slightest suggestion that the trial judge leaned toward the State; but, on the contrary, the charge is that of an upright, impartial magistrate, seeking to hold the scales of justice between the State and the accused evenly balanced, in conformity with the rules of law applicable to the case, and contains abundant proof that the trial judge was honestly seeking to aid the jury in arriving at the truth of the case. Complaint is made that the judge, in referring to the testimony of Warren, instructed the jury that in passing upon the credibility of a witness, they should determine whether he was an accomplice, but that the fact that he was an accomplice was no ground for impeachment. This was an inaccurate expression, and, if it stood alone, might have been prejudicial, but the trial judge instructed the jury in detail that the accused could not be convicted upon the testimony of an accomplice alone; that mere proof of the corpus delicti would not be sufficient corroboration; that corroborating evidence which merely cast a suspicion upon the accused would not be sufficient, and that the evidence, independently of the testimony of the alleged accomplice, must have connected the accused with the offense. Taking the charge as a whole, there is nothing in the extract excepted to which would authorize a new trial. As a whole, the charge on the subject of the testimony of an accomplice was not erroneous, nor do we find any expression or intimation of opinion by the trial judge in reference to the guilt of the accused, in certain extracts from the charge which are claimed to be subject to this criticism. Complaint is

further made that in charging the jury on the subject of reasonable doubt, the trial judge stated that this doubt must grow out of the evidence, and that the jury should not go outside of the evidence for the purpose of raising a doubt. It is contended that this instruction practically withdrew from the consideration of the jury the statement of the accused. This exception, like some of the others, might be well taken if we should look only to the extract complained of, but, when considered in the light of the entire charge, is not cause for a new trial. The judge distinctly told the jury that they had the right to believe the statement of the accused in preference to the sworn testimony in the case, and that it was exclusively for the jury to determine what weight should be given the statement. The request to charge, in so far as it was legal and pertinent, was fully covered by the charge given. Further complaint is made of an instruction that if the jury were satisfied that the car had been broken and entered by somebody, and that, very soon after the commission of the offense, a portion of the goods which had been in the car was shown to have been in the possession of the accused, and that he did not satisfactorily explain such possession, this would be a circumstance to be considered by the jury in determining the guilt or innocence of the accused. In this instruction there was no error of which the accused can justly complain. The exception to the charge on the subject of alibi is not insisted on in the brief of counsel.

*Judgment affirmed.*